UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTHONY D. GIAMBRA,

               Plaintiff,

      v.

ROCHESTER PUBLIC LIBRARY,

               Defendant.

_____

                DECISION & ORDER

                06-CV-6284L

      By order dated March 28, 2005, the above-captioned matter has been referred to the undersigned for the supervision of pre-trial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B).  (Docket # 7).  Plaintiff Anthony Giambra has filed suit pursuant to Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990, alleging defendant Rochester Public Library failed to promote him and paid him a lower wage than other similarly situated employees because of his race, sex and disability.  (Docket # 1).  Currently before this Court is plaintiff's motion for the appointment of counsel.  (Docket # 8).

      Pursuant to Title 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  This statute is understood to "guarantee [] meaningful access to the courts as required by the Constitution."  *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (quoting *Bounds v. Smith*, 430 U.S. 817, 823 (1977)).  Unlike criminal defendants, however, civil litigants do not have a constitutional right to appointed counsel.  *Id.* (citing *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984)).  In determining whether to appoint counsel for a civil litigant, the court must first inquire whether the litigant can afford to

obtain counsel.  *Id.* at 61.  *See also Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d

Cir. 1994) (before considering merits of litigant's position, court must ascertain whether litigant

is able to afford or otherwise obtain counsel).  If not, the court must then consider whether the

indigent's position "seems likely to be of substance."  *Hodge v. Police Officers*, 802 F.2d at 61-

62.  Once these two threshold determinations have been made, "the court should then consider

the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the

need for cross-examination will be the major proof presented to the fact finder; the indigent's

ability to present the case; the complexity of the legal issues, and any special reason . . . why

appointment of counsel would be more likely to lead to a just determination."  *Id.* (citing factors

set forth in *Maclin v. Freake*, 650 F.2d 885 (7th Cir. 1981)).

   For the purposes of this motion, the Court will accept plaintiff's summary

assertion that he is unable to afford private counsel.  Plaintiff has failed, however, to demonstrate

that his case is likely to be of substance.  Moreover, upon review of plaintiff's Complaint, it does

not appear that the issues in this case are complex or that plaintiff will be unable to adequately

litigate his claims *pro se*.  Finally, the Court also notes that there is a very limited number of

local attorneys willing and able to handle cases on a *pro bono* basis.  *Cooper v. A. Sargenti Co.,*

*Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) ("Every assignment of a volunteer lawyer to an

undeserving client deprives society of a volunteer lawyer available for a deserving cause").

Based on this review, plaintiff's motion for the appointment of counsel **(Docket # 8)** is **DENIED**

without

prejudice at this time.  It is plaintiff's responsibility, therefore, to retain an attorney or press forward with this action *pro se*.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       November  2   , 2006